IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Herbert Bertz, et al.,                                                   Case No. 3:03CV7011

        Plaintiffs,

    v.                                                                              ORDER

Norfolk Southern Railway
A.K.A. Norfolk Southern Corporation
et al.,

        Defendants.

    This is an action brought pursuant to the Federal Employers' Liability Act, codified at 45 U.S.C. § 51, *et seq.* Jurisdiction is proper in this Court pursuant to 45 U.S.C. § 56.

    On January 8, 2003, plaintiffs Herbert Bertz and Lori Bertz filed a complaint against Thomas Flood, Morrice Transportation, and Norfolk Southern Railway alleging negligence and loss of consortium as a result of an accident occurring on March 26, 2002. On April 11, 2003, Norfolk Southern filed a third-party complaint against Ford Motor Company, Visteon Corporation, Pinkerton's Inc., and Deanna Williams.

    On January 15, 2004, third-party defendants Pinkerton's Inc. and Deanna Williams, and Ford Motor Company and Visteon Corporation filed motions for summary judgment. On April 12, 2004, summary judgment was granted in favor of third-party defendants Pinkerton's Inc. and Deanna Williams, but denied as to Ford Motor Company and Visteon Corporation. On October 20, 2004, Ford Motor

Company, Visteon Corporation, and Norfolk Southern Railway were dismissed with prejudice as parties to this case, apparently because these parties had settled all claims against them with plaintiffs.

On November 3, 2004, plaintiffs filed an amended complaint naming Pinkerton's, Inc. and Deanna Williams as defendants. The amended complaint asserts claims of negligence and loss of consortium. Michigan law controls these claims.

Defendants Pinkerton's and Williams[1] now move for summary judgment on all claims pending against them. For the reasons that follow, summary judgment shall be granted in their favor.

**Background**

Herbert Bertz[2] was a train conductor for Norfolk Southern. On March 26, 2002, Bertz was performing his duties as a train conductor. On this day, his duties included switching services. To do these duties, Bertz had to cross tracks owned by and located on the property of Ford Motor Company and Visteon Corporation (Ford/Visteon) at their Milan, Michigan facility.

Ford/Visteon contracted with Pinkerton's for security services at the Milan facility. Williams was employed as a security guard for Pinkerton's at the Milan facility.

On March 26, Williams was monitoring the crossing at which Bertz was to perform the switching duties. It was snowy that night. Williams had her Ford/Visteon issued truck parked parallel to the train track

---

[1] Pinkerton's and Williams are the only remaining defendants in this action.

[2] Lori Bertz's loss of consortium claim is derivative to her husband's and her recovery is contingent upon her husband recovering for his damages. *Berryman v. K Mart Corp.*, 483 N.W.2d 642, 646 (Mich. Ct. App. 1992) (citing *Moss v. Pacquing*, 455 N.W.2d 339, 343 (Mich. Ct. App. 1990)). Therefore, Herbert Bertz individually and plaintiffs Bertz collectively will be referred to simply as "Bertz."

2

with her four-way flashers on. As Bertz was crossing the tracks, a semi-truck driven by Thomas Flood, an employee of Morrice Transportation,[3] began to approach the crossing. When it appeared that the truck was not going to stop, Williams claims that she began honking her horn and waving her arms. Despite those actions, the truck continued moving forward and attempted to cross the track crossing.

Flood was not familiar with the Ford/Visteon plant. He noticed Williams's vehicle and drove past, believing that it was stuck in the snow; he did not know he was approaching a crossing. Williams remained in her vehicle the entire time; she never left her vehicle to attempt to stop Flood from crossing the tracks.

Bertz jumped from the train immediately before the train collided with the truck. As a result, Bertz was allegedly injured.

## Discussion

To recover under a negligence theory under Michigan law, a plaintiff must prove: duty; breach of that duty; causation; and damages. *Fultz v. Union-Commerce Assocs.*, 683 N.W.2d 587, 590 (Mich. 2004) (citing *Case v. Consumers Powers Co.*, 615 N.W.2d 17, 20 (Mich. 2000); *Riddle v. McLouth Steel Prods. Corp.*, 485 N.W.2d 676, 681 (Mich. 1992)). For a spouse to be successful under a loss of consortium claim, her husband's claim must be successful. *See* n.2 *supra*.

As to the last three elements, there are genuine issues of material fact such that this case could survive summary judgment.

If Williams and/or Pinkerton's owed Bertz a duty there is sufficient evidence for a jury to conclude that the duty was breached: Williams was there to guard the crossing and to prevent accidents, yet there

---

[3] As mentioned *supra*, Thomas Flood and Morrice Transportation were defendants in the original action and have subsequently been dismissed from the suit.

is evidence she was not in the proper position to stop the truck from crossing the tracks; Williams never left her vehicle to attempt to stop Flood's truck.

Likewise, there is sufficient evidence for a jury to conclude that any breach of duty caused injury to Bertz: Bertz jumped from his train because of an impending collision between his train and Flood's truck; but for Williams's failure to stop the truck from crossing the tracks, Bertz would not have been injured.

Finally, there is sufficient evidence for a jury to conclude that Bertz suffered damages as a result of defendants' alleged breach of duty.

However, "[t]he threshold question in a negligence action is whether the defendant owed a duty to plaintiff." *Fultz* 683 N.W.2d at 590 (citing and quoting *Beaty v. Hertzberg & Golden, P.C.*, 571 N.W.2d 716, 723 (Mich. 1997) ("It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff.")). If defendants did not owe Bertz a duty, then plaintiffs are precluded from recovery.

Pinkerton's had a contract to provide security services at the Ford/Visteon plant. However, this contract between Pinkerton's and Ford/Visteon does not lead to a finding that defendants owed Bertz a duty of care.

In analyzing a tort action based on a contract by a third party, "the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Fultz*, 683 N.W.2d

at 592 (limiting prior holdings in Michigan that Restatement governed in these types of actions).[4] Therefore, the only inquiry is whether Pinkerton's and its employee owed a separate and distinct duty to Bertz.[5]

Plaintiffs rely on *Osman v. Summer Green Lawn Care, Inc.*, 532 N.W.2d 186 (Mich. Ct. App. 1995) to distinguish *Fultz*. In *Fultz*, however, the Supreme Court of Michigan explained the distinction between the Michigan Court of Appeals' holding in *Osman* and *Fultz*. In *Osman*, the defendant owed a duty to plaintiff not because of a contract between defendant and a landowner, but rather because the defendant had created a new hazard that did not exist before. The Supreme Court in *Fultz* determined that failure to provide a contracted for duty was different than creating a new hazard. *Fultz* 683 N.W.2d at 593.

Pinkerton's contracted with Ford/Visteon to provide security services; it was a part of this duty to guard the railroad crossing. It can be argued that Williams, in her capacity of employee of Pinkerton's, did

---

[4] Plaintiffs did not raise the possibility that Bertz was a third-party beneficiary to the contract between Pinkerton's and Ford/Visteon in their complaint or in this motion — they failed to file a count for breach of contract in their complaint. However, assuming *arguendo* that plaintiffs claimed that they were a third party beneficiary to the contract, their claim likely would fail.

In Michigan, M.C.L. § 600.1405 governs third-party beneficiary law. This section holds "that a person is a third-party beneficiary of a contract only when the promisor undertakes an obligation 'directly' to or for the person. This language indicates the Legislature's intent to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Komajda v. Wackenhut Corp.*, 655 N.W.2d 767, 769 (Mich. 2003) (Markman, J., dissenting from denial of cert).

Plaintiffs have not pled, nor have they provided any proof, that Bertz was an intended beneficiary of the contract between Pinkerton's and Ford/Visteon.

[5] It is important to point out that Bertz does not allege that Pinkerton's owed a duty to him independent of its contract with Ford/Visteon. (Amended Complaint ¶ 13).

5

not adequately guard the crossing. This failure, however, was a failure to provide the contracted for duty to Ford/Visteon, not the creation of a new hazard. Therefore, the *Osman* exception to *Fultz* does not apply to this case.

Ford/Visteon may have owed a duty to plaintiffs and they sought to fulfill that duty by hiring Pinkerton's. It does not follow under Michigan Law, however, that Pinkerton's owed a duty to plaintiffs based on its contract with Ford/Visteon.

As a matter of law, plaintiffs cannot show that Pinkerton's or Williams owed Bertz a duty. Therefore, summary judgment is properly entered for defendants and against plaintiffs on all counts.[6]

## Conclusion

In light of the foregoing, it is

ORDERED THAT:

Defendants' motion for summary judgment be, and the same hereby is, granted.

So Ordered.

/s/ James G. Carr
James G. Carr
Chief Judge

---

[6] As discussed *supra*, Mrs. Bertz's claim is derivative to her husband's; as his claim fails, so must hers.